UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| DAVID R. LAMBERT, | : | CIVIL ACTION NO. 3:CV-17-1031 |
|---|---|---|
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| JOHN E. WETZEL | : | |
| Respondent | : | |

# MEMORANDUM AND ORDER

Petitioner, David R. Lambert, an inmate confined in the Greene State Correctional Institution, Waynesburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a conviction imposed by the Lancaster County Court of Common Pleas. (Doc. 1). For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party

detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004)(emphasis in original) (citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 2722. In the present case, Petitioner is confined in SCI-Greene, which is located within the confines of the United States District Court for the Western District of Pennsylvania.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district

courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

This Court clearly lacks jurisdiction over the Superintendent of SCI-Greene. Thus, under the standards announced in Padilla, it is apparent to this Court that the interests of justice would be best served by transferring this petition to the Western District of Pennsylvania, the district of Petitioner's present confinement. It is further noted that there is no indication that the transfer of this petition would result in any substantial delay. See Garcia v. Pugh, 948 F. Supp. 20, 23 (E.D. Pa. 1996). An appropriate order is attached.

Dated: December 28, 2017          /s/ William J. Nealon
                                  United States District Judge